**INTERSTATE CIGAR, Plaintiff,**

v.

**STERLING DRUG, Defendant.**

No. 79 Civ. 3547.

United States District Court,
S. D. New York.

March 21, 1980.

Noel W. Hauser, P. C., New York City, for plaintiff.

Rogers Hoge & Hills by Frederick Nicoll, New York City, for defendant.

## MEMORANDUM DECISION ON PLAINTIFF'S DEMAND FOR JURY TRIAL ON ALL ISSUES

MOTLEY, District Judge.

Plaintiff failed to file a demand for trial by jury when he filed his original complaint. The only remaining claim in that original complaint is plaintiff's claim for violation of the Robinson–Patman Act. Thereafter, plaintiff filed an amended complaint in which he added a new cause of action against defendant's action in contract and demanded a trial by jury as to all issues. Defendants oppose the demand as to all issues and contend that plaintiff is not entitled to trial by jury on his Robinson–Patman Act claim since he failed to make a timely jury demand as to that cause of action which is unrelated to the contract claim.

Rule 39(b) of the Federal Rules of Civil Procedure provides: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Plaintiff argues that a jury trial should be held on all plaintiff's claims, as there is an identity of issues between plaintiff's original Robinson–Patman claim and his subsequent contract claim. This argument is rejected for two reasons: 1) Any identity of issues between the two claims is minimal, at best; 2) A plaintiff should not be able to correct his failure to include a jury demand in his original complaint by subsequently bringing a similar claim in an amended complaint. Such a policy would encourage plaintiffs to "hold back" a claim, hoping to introduce it in an amended complaint if he changes his mind and opts for a jury.

The only case cited by plaintiff, *State Mutual Life Assurance Co. of America v. Arthur Anderson & Co.*, 581 F.2d 1045 (2d Cir. 1978), does not support plaintiff's position. In *State Mutual*, the Second Circuit did note that: "Interests of fairness, judicial economy, and consistency in results dictated that, to the extent permitted by the Federal Rules, identical or mutually dependent issues be resolved by one fact–finder, whether it be jury or judge, rather than by two or more separate bodies." *Id.* at 1050. In *State Mutual* the Second Circuit approved a jury trial on all issues because subsequent to the filing of the complaint, a new codefendant was joined who had demanded a jury. The case at hand is completely different in that here plaintiff is attempting to "bootstrap" his untimely jury demand by the filing of an amended complaint. This is not a situation, as in *State Mutual*, where a jury demand is appropriate on all issues because of the introduction of a new party who properly demands a jury.

Request for jury trial as to all issues denied. The Robinson–Patman claim will be tried first without a jury.